```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN DORGAN,

                      Plaintiff,

-against-

FIRST KLASS BREAKFAST, LLC,

                      Defendant.

1:20-cv-4253 (MKV)

**ORDER VACATING DEFAULT**

MARY KAY VYSKOCIL, United States District Judge:

    This case comes before the Court on a motion for default judgment. The complaint in this action was filed on June 3, 2020. [ECF No. 1]. Following the Court's order directing that Plaintiff file proof of service [ECF No. 5], an affidavit of service of the summons and complaint was filed on September 9, 2020 [ECF No. 6]. Plaintiff thereafter sought a default judgment [ECF No. 11], which the Court denied without prejudice for failure to follow the Court's Individual Rules. [ECF No. 16]. Plaintiff then took no action in this case for four months, and the Court dismissed the action for failure to prosecute. [ECF No. 20]. Plaintiff timely filed a letter motion seeking to reopen the matter [ECF No. 21], which the Court granted [ECF No. 22]. Thereafter, Plaintiff obtained a certificate of default from the Clerk of the Court and moved for default judgment. [ECF No. 29].

    On February 9, 2022, the Court held a hearing on Plaintiff's motion for a default judgment. [ECF No. 29]. At the hearing, James Freeman, Esq. appeared for the Plaintiff. Defendant First Klass Breakfast LLC did not appear. During the hearing, Mr. Freeman represented to the Court that the summons and complaint had been improperly served on the wrong party and that the Defendant had in fact not been served. [ECF No. 6]. Plaintiff's counsel requested that the Court vacate his motion for default judgment. The Court advised that it would

1

vacate the default and permit Plaintiff to serve the summons and complaint on the proper entity named as defendant.

Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause." Defaults are disfavored, and there is a strong "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "[W]hen doubt exists as to whether a default should be . . . vacated, the doubt should be resolved in favor of the defaulting party." *Id*. For that reason, "good cause" is "construed generously." *Id.*

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added).

The Court finds good cause both for the failure to serve and for vacating default. Mr. Freeman professed error to the Court, and stated that Plaintiff had inadvertently served First Klass Media Group LLC, rather than First Klass Breakfast LLC.

Based on the foregoing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to vacate the entry of default against First Klass Breakfast LLC in this matter. Plaintiff is granted leave to serve the initial summons and complaint on the Defendant. Plaintiff must serve the summons and complaint and file proof of service on the docket on or before March 9, 2022. Plaintiff's motion for default judgment [ECF No. 29] is denied.

**SO ORDERED.**

**Date: February 9, 2022**
**New York, NY**

*[Signature: Mary Kay Vyskocil]*
**MARY KAY VYSKOCIL**
**United States District Judge**